UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK ELI CARPENTER,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

Case No. 1:19-cv-534

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits (DIB) and supplemental security income (SSI). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Plaintiff objects. For the following reasons, the Court denies the objections and issues this Opinion and Order.

A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). *See Freeman v. Sec'y of*

*Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992) ("[The] purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge.").

Plaintiff's objections to the Report and Recommendation concern three topics. First, Plaintiff generally discusses the evidence that he posits meets Listings 1.02A and 1.04A (Pl. Obj., ECF No. 24 at PageID.1737-1738). However, as Defendant points out in response, Plaintiff does not address the evidentiary shortcomings in his argument that the Magistrate Judge thoroughly delineated (Resp., ECF No. 25 at PageID.1745, citing R&R, ECF No. 23 at PageID.1724-1729). The Magistrate Judge ultimately concluded that there was substantial evidence in the record supporting the ALJ's determination that Plaintiff failed to satisfy the requirements of either listed impairment (R&R, ECF No. 23 at PageID.1728-1729). Plaintiff's objection fails to develop any argument demonstrating factual or legal error in the Magistrate Judge's conclusion. Accordingly, this objection is properly denied.

Second, with regard to the Treating Physician Doctrine, Plaintiff reiterates his challenge to the limited weight the ALJ afforded the August 2013 opinion of treating physician Edward Ball, D.O. (Pl. Obj., ECF No. 24 at PageID.1739). The ALJ discounted Dr. Ball's opinion on the ground that such was inconsistent with the medical record, including the doctor's own treatment notes, and the Magistrate Judge concluded that the medical evidence supported the ALJ's decision (R&R, ECF No. 23 at PageID.1732). Indeed, the Magistrate Judge noted that "Dr. Ball did not even articulate any specific functional limitations which are inconsistent with the ALJ's RFC finding" (*id.*). While Plaintiff represents that Dr. Ball was "willing to provide evidence and he should have been asked to provide specific functional limitations" (Pl. Obj., ECF No. 24 at PageID.1741), Defendant aptly emphasizes that Plaintiff bears the burden to prove his disability, 42 U.S.C.

§ 423(d)(1)(A), and that an ALJ's recontact obligation is triggered only when the basis of a treater's opinion cannot be ascertained (Resp., ECF No. 25 at PageID.1746). This second objection is therefore also properly denied.

Third, with regard to his residual functional capacity (RFC), Plaintiff argues that the ALJ should have weighed the evidence differently, particularly the evidence of the side effects of plaintiff's pain medication and the excessive amount of time that Plaintiff spends away from work because of medical appointments (Pl. Obj., ECF No. 24 at PageID.1741-1742). The Magistrate Judge determined that the ALJ properly evaluated the evidence and that the ALJ's RFC assessment is supported by substantial evidence (R&R, ECF No. 23 at PageID.1733). The Magistrate Judge held that Plaintiff's argument that the ALJ should have weighed the evidence differently "is not a basis for relief" (*id.*). Plaintiff's third objection merely reiterates this argument and is properly denied. *See Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

Having denied the objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 24) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 23) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.


Dated: September 30, 2020          /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge